# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN HILL, #326359,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　ACTION NO.
　　　　　　　　　　　　　　　　　　　　　　　　　　2:05cv15

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying John Hill's petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner John Hill ("Hill") pled guilty and was convicted in the Prince William County Circuit Court of robbery. Hill was sentenced to a term of twenty years with six years suspended. He did not appeal his conviction.

Hill filed a petition for writ of habeas corpus in the Virginia Supreme Court which was

dismissed on November 17, 2004.

Hill, presently in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 11, 2005. On February 14, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Hill filed an opposition to the Motion to Dismiss on March 28, 2005.

### B. Grounds Alleged

Hill asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied effective assistance of counsel due to his counsel:

    (i) failing to suppress statements Hill made prior to receiving his Miranda warnings;

    (ii) advising Hill to plead guilty, and misleading Hill into believing his confession would come in against him, and be sufficient to prove his guilt at trial;

    (iii) laboring under a conflict of interest, since the attorney's father is a prosecutor in another district where similar charges were brought against Hill; and,

(b) his Constitutional rights were violated when the police failed to read him his Miranda rights prior to his initial statement.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436

(E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

The claims made in Hill's present petition were not raised before the Virginia Supreme Court. In Grounds (a)(i) and (a)(ii) of his federal habeas petition, Hill makes legal arguments similar to those made in his state habeas petition. However, he supports the arguments with factual allegations different from those presented to the state court. Not only the same legal argument, but the same factual support must be presented to the state court prior to entry into federal court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

In his state petition, Hill alleged his counsel was ineffective for allowing a "coerced confession" into evidence. See Petition for Writ of Habeas Corpus in the Virginia Supreme Court p. 3. He explains that this confession was given after the police told him that if he did not confess, his wife would go to prison and he would get life in prison. In Ground (a)(i) of the present petition, Hill alleges his counsel was ineffective for failing to suppress a statement he made prior to receiving his Miranda warnings. This statement was made to a police officer at the scene of the arrest, while Hill was sitting in the patrol car, and is not the "coerced confession" discussed in his state petition. The factual basis for Hill's Ground (a)(i), that counsel was ineffective for failing to suppress his statement made prior to receiving Miranda warnings, was not raised before the Virginia Supreme Court.

In his state habeas petition, Hill claimed his counsel was ineffective for advising Hill that if he did not plead guilty, he would receive life in prison. See Petition for Writ of Habeas Corpus in

3

the Virginia Supreme Court p. 3. In Ground (a)(ii) of his present petition, Hill asserts his counsel was ineffective for advising Hill that if he did not plead guilty, his confession would come in against him, and would be sufficient to prove his guilt. Again, while the claims are similar, the factual basis for the ineffective assistance of counsel claim made before the Virginia Supreme Court was not sufficient to exhaust the ineffective assistance of counsel claim made in Ground (a)(ii) of Hill's present petition. As a result, the Grounds raised in Hill's present petition have not been exhausted before the Virginia Supreme Court.

Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Hill can satisfy the requirement "if it is clear that [Hill's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Virginia does bar Hill from raising these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his state habeas corpus petition and failed to raise the claims in that petition. See Va. Code 8.01-654(B)(2). Therefore, Hill has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Hill cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Hill shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Hill's petition is defaulted on federal habeas and will not address the merits.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Hill's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Hill's petition should be DENIED because the Grounds were never raised to the Virginia state courts, and Hill has shown no cause for failing to present the claim and no prejudice resulting therefrom, which this Court must find before considering the merits of the claim.

Hill's request for an evidentiary hearing is hereby DENIED.

Hill has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or

specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

                                      /s/
                              Tommy E. Miller
                              United States Magistrate Judge

Norfolk, Virginia

June 2, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Hill, #326359
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Josephine Whalen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                Elizabeth H. Paret, Clerk

            By _____
              Deputy Clerk

              June  , 2005